HANLON, JUDGE:
*8 Claimant James F. Edwards brought this action in his capacity as Administrator of the Estate of Richard Edwards, his son. Richard Edwards was killed on September 27, 1985, in a vehicular accident, on W.Va. Route 3, in Boone County. Claimant alleges that Route 3 was defective in that there was a dip in the road surface which caused Richard Edwards to lose control of his vehicle. The vehicle proceeded onto a defective berm and then swerved across the road into the path of an oncoming vehicle which struck the vehicle, resulting in Richard Edwards' death. Claimant alleges respondent had notice of the defective conditions existing on State Route 3.
Respondent contends that the proximate cause of this accident was the negligence of the driver in operating his vehicle at too great a speed for the curve at this section of State Route 3. Respondent also contends that the driver was familiar with the road and that there was nothing unusual about the road surface or the berm of State Route 3 at the accident site.
The facts of the claim reveal that Richard Edwards was operating his 1979 Chevrolet Chevette on September 27, 1985, at approximately thirty to forty miles per hour. He was proceeding west on Route 3 to Comfort, West Virginia, where he was employed at the V-Mart. He drove this stretch of Route 3 on a daily basis and was familiar with the road. As he drove around a curve on Route 3 and the, apparently, into a dip on the road surface, he lost control of his vehicle. The vehicle went onto a right berm, came back onto the road, and then crossed the road into the oncoming traffic lane where a pickup truck driven by George Henry Milam, Jr., struck the Edwards vehicle.
The testimony revealed that the dip on Route 3 had existed for some time at an area where a culvert was located under the road. The combination of the curve and the dip had cause numerous accidents. One resident had experienced vehicles coming into her yard when drivers lost control of their vehicles on this section of Route 3. She complained to respondent and requested that a guardrail be placed at the berm, which was done. Another resident, John Gobble, testified that he had observed vehicles "bottom out" on the dip in the road. He observed the Edwards vehicle at the time of the accident, but the vehicle was already on the berm when he saw it.
There was disagreement among the witnesses as to the presence of a curve sign and a 25 miles per hour sign located just prior to the curve at this accident scene. The presence of these signs is immaterial in the instant claim. The driver of the vehicle, Richard Edwards, was familiar with Route 3 at this locale and was aware of the curve. He certainly was cognizant of the speed with which he could safely operate his vehicle in the curve.
The defect in the surface of the road, ie., the dip at the accident scene, was in the actual knowledge of respondent. Employees of respondent drove over this section of Route 3 on a frequent or daily basis. The testimony from the witnesses was that they drove around the curve carefully as they were aware of the curve and the dip. Richard Edwards was also aware of the surface conditions of Route 3 on the date of this accident.
*9 In view of the evidence in this claim, the Court is of the opinion that respondent was negligent in the maintenance of Route 3 when it allowed a dip in the road to exist over a long period of time without correcting this condition. Claimant established that the respondent knew or should have known of the defect in the surface of Route 3 which may have caused Richard Edwards to lose control of his vehicle when coming out of the curve. The condition of the berm of Route 3, where Richard Edwards went off the road, was not in such a state of disrepair that this Court will attribute negligence to respondent for failure to maintain the berm. Richard Edwards had already lost control of his vehicle at the time that he drove onto the berm. The Court is of the opinion that Richard Edwards was negligent in the operation of his vehicle. The Court has determined that his negligence was equal to or greater titan that of the respondent.
For these reasons the Court is of the opinion m, and docs, deny this claim.
Claim disallowed.